UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| NATHAN ALMQUIST et al., | | |
| | Plaintiffs, | |
| v. | | Civil No. 21-1319 (JRT/KMM) |
| 3M COMPANY and AEARO TECHNOLOGIES LLC, | | |
| | Defendants. | |
| GAGE MCCLEAN-COYER et al., | | |
| | Plaintiffs, | |
| v. | | Civil No. 21-1317 (JRT/KMM) |
| 3M COMPANY and AEARO TECHNOLOGIES LLC, | | |
| | Defendants. | |
| ALBERT LESTENKOF et al., | | |
| | Plaintiffs, | |
| v. | | Civil No. 21-1313 (JRT/KMM) |
| 3M COMPANY and AEARO TECHNOLOGIES LLC, | | |
| | Defendants. | |

-2-

| | | |
|---|---|---|
| TRAVIS KAUFFMAN et al., | | |
| | Plaintiffs, | |
| v. | | |
| 3M COMPANY and AEARO TECHNOLOGIES LLC, | | Civil No.  21-1311 (JRT/KMM) |
| | Defendants. | |
| KEVIN FLANSBURG, | | |
| | Plaintiffs, | |
| v. | | |
| 3M COMPANY and AEARO TECHNOLOGIES LLC, | | Civil No.  21-1310 (JRT/KMM) |
| | Defendants. | |
| ALFRED BOUCHARD et al., | | |
| | Plaintiffs, | |
| v. | | |
| 3M COMPANY and AEARO TECHNOLOGIES LLC, | | Civil No.  21-1511 (JRT/KMM) |
| | Defendants. | |
| KIMBERLY AHRENS et al., | | |
| | Plaintiff, | |
| v. | | |
| 3M COMPANY and AEARO TECHNOLOGIES LLC, | | Civil No.  21-1546 (JRT/KMM) |
| | Defendants. | |

DAVID ALMENDINGER,

                        Plaintiff,

v.

3M COMPANY and AEARO TECHNOLOGIES LLC,

                        Defendants.

Civil No. 21-1665 (JRT/KMM)

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTIONS TO REMAND TO STATE COURT

Daniel E. Gustafson and Amanda M. Williams, **GUSTAFSON GLUEK PLLC**, 120 South Sixth Street, Suite 2600, Minneapolis, MN 55402; Alicia N. Sieben, Matthew James Barber, and William R. Sieben, **SCHWEBEL GOETZ & SIEBEN PA**, 80 South Eighth Street, Suite 5120, Minneapolis, MN 55402, for plaintiffs.

Benjamin W. Hulse and Jerry W. Blackwell, **BLACKWELL BURKE PA**, 431 South Seventh Street, Suite 2500, Minneapolis, MN 55415, for defendants.

Plaintiffs wore Combat Arms Earplugs, Version 2 (the "CAEv2"), manufactured by Defendants 3M Company and Aearo Technologies LLC (collectively, "3M"), to protect against loud and damaging sounds. Plaintiffs filed actions in Minnesota state court, alleging that 3M failed to provide adequate instructions and warnings concerning how to properly wear the CAEv2 and, as a result, that they now suffer from hearing loss and/or tinnitus. 3M removed Plaintiffs' actions, arguing that the Court has jurisdiction over Plaintiffs' failure-to-warn claims. Because of the Court's earlier rulings in related cases,

3M is precluded from asserting, as grounds for removal, the government contractor defense, the combatant activities exception, and federal question jurisdiction with respect to claims arising in Iraq, Afghanistan, and Japan.  In sum, the Court lacks subject matter jurisdiction over Plaintiffs' claims, and the Court will therefore grant Plaintiffs' Motions to Remand to State Court.

## BACKGROUND

### I. FACTUAL BACKGROUND

Plaintiffs wore the CAEv2 when performing tasks that exposed them to loud, high-pitched noises, either as civilian employees or servicemen and women stationed overseas or on state-owned bases domestically.  (*See, e.g.*, ECF 21-1511, Bouchard Compl. ¶¶ 9, 14, June 29, 2021 Docket No. 1-1; ECF 21-1319, Almquist Compl. ¶¶ 42–45, June 1, 2021, Docket No. 1-1; ECF 21-1310, Flansburg Compl. ¶ 11, June 1, 2021, Docket No. 1-1.)  Plaintiffs allege that they never received instructions to fold back the third flange of the CAEv2 earplug nor did they receive a warning that the earplug would be ineffective if they did not do so and, as a result, they now suffer from hearing loss and/or tinnitus.  (*See, e.g.*, Almquist Compl. ¶¶ 291–294.)

### II. PROCEDURAL BACKGROUND

Plaintiffs filed their actions in Minnesota state court, asserting product liability claims based on 3M's alleged failure to warn regarding how to properly fit and safely wear the CAEv2.  (*See, e.g., id.* ¶¶ 240–54.)  3M subsequently gave notice of removal, arguing

that the Court has subject matter jurisdiction over some claims based solely on the government contractor defense, (*see, e.g.,* ECF 21-1511, Bouchard Notice of Removal at 3, June 29, 2021, Docket No. 1), and over other claims based on (1) the government contractor defense, (2) the combatant activities exception, and (3) Article IV jurisdiction. (*see, e.g.*, ECF 21-1319, Almquist Notice of Removal at 3–4, June 1, 2021, Docket No. 1.) Plaintiffs then filed Motions to Remand to State Court for lack of subject matter jurisdiction. (*See, e.g.*, ECF 21-1511, Bouchard Mot. Remand, July 28, 2021, Docket No. 7; ECF 21-1319, Almquist Mot. Remand, July 1, 2021, Docket No. 10.)

## DISCUSSION

### I. STANDARD OF REVIEW

A defendant may remove a civil action to federal court only if the action could have been filed originally in federal court. *See* 28 U.S.C. § 1441(a); *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000). "A defendant is not permitted to inject a federal question into an otherwise state-law claim and thereby transform the action into one arising under federal law." *Gore*, 210 F.3d at 948 (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Instead, as the party seeking removal and opposing remand, a defendant bears the burden of establishing federal subject matter jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). All doubts about federal jurisdiction must be resolved in favor of remand. *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007).

## II. ANALYSIS

In related cases, the Court previously concluded that 3M failed to raise colorable government contractor and combatant activities defenses with respect to the tortious conduct alleged here. *Copeland v. 3M Co.*, No. 20-1490, 2020 WL 5748114, at *3 (D. Minn. Sept. 25, 2020); *Graves v. 3M Co.*, 447 F. Supp. 3d 908, 916 (D. Minn. 2020); *see also Bischoff v. 3M Co.*, No. 20-1984, 2021 WL 269076, at *3–6 (D. Minn. Jan. 27, 2021). The Court also previously concluded that 3M failed to show that Article IV of the Constitution extends federal question jurisdiction to the claims of tortious conduct arising in Iraq, Afghanistan, and Japan. *Adams v. 3M Co.*, No. 21-903, 2021 WL 3206832, at *2 (D. Minn. July 29, 2021); *Bell v. 3M Co.*, No. 21-382, 2021 WL 1864034, at *2, n.5 (D. Minn. May 10, 2021); *Allen v. 3M Co.*, No. 20-2380, 2021 WL 1118026, at *2 n.1 (D. Minn. Mar. 24, 2021); *Sultan v. 3M Co.*, No. 20-1747, 2020 WL 7055576, at *9 (D. Minn. Dec. 2, 2020). 3M has already litigated these three jurisdictional grounds—grounds identical to the ones asserted here—and the Court issued final judgments remanding the previous actions for lack of subject matter jurisdiction. *See e.g., Adams*, 2021 WL 3206832, at *3. Therefore, pursuant to the doctrine of collateral estoppel, 3M is precluded from asserting these grounds for removal. *See Robinette v. Jones*, 476 F.3d 585, 589 (8th Cir. 2007); *see also Sandy Lake Band of Mississippi Chippewa v. United States*, 714 F.3d 1098, 1102–04 (8th Cir. 2013).

In sum, the Court concludes that it lacks subject matter jurisdiction over all claims and will therefore grant Plaintiffs' Motions to Remand to State Court.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motions to Remand to State Court:

1. Almquist et al., CV21-1319, Docket No. 10;
2. McClean-Coyer et al., CV21-1317, Docket No. 7;
3. Lestenkof et al., CV21-1313, Docket No. 7;
4. Kauffman et al., CV21-1311, Docket No. 10;
5. Flansburg, CV21-1310, Docket No. 7;
6. Bouchard et al., CV21-1511, Docket No. 7;
7. Ahrens et al., CV21-1546, Docket No. 9; and
8. Almendinger et al., CV21-1665, Docket No. 7

are **GRANTED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 20, 2021
at Minneapolis, Minnesota.

                                                         JOHN R. TUNHEIM
                                                           Chief Judge
                                             United States District Court